UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
JOHN M. GERMANIS ) CASE NO. 19-10588(1)(13)
 )
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of Debtor John M. Germanis ("Debtor") to the Post-Confirmation Amendment to Proof of Claim of Creditors Harold Burton, the Estate of Jean Burton and ten other Creditors ("Creditors") as Amended Proof of Claim Number 2. The Court considered the Debtor's Objection, the Response to the Debtor's Objection of the Creditors and the comments of counsel for the parties at the hearing on the matter. For the following reasons, the Court will **OVERRULE** the Debtor's Objection to the Creditors' Post-Confirmation Amendment to Proof of Claim Number 2.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 17, 2019, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. On Schedule D to his Petition, Creditors Who Have Claims Secured by Property, Debtor scheduled the Creditors' secured claim in the amount of $20,000 based on a Land Sale Contract with the claim secured by a residence at 308 Montague Street, Franklin, Kentucky 42134 ("the Property").

Debtor also filed his Chapter 13 Plan on June 17, 2019, in which he proposed to pay the Creditors' claim valued at $20,000 in monthly installments of $365.02, with interest at 3% for a total payout of $21,536.18.

On July 24, 2019, Creditors, by attorney Timothy Crocker, filed Proof of Claim Number 2 indicating that the Creditors had a secured claim in the amount of "$21,043.08 plus costs, interest and attorney's fees" based on a "Real Estate Contract for a house." The interest was listed as 3%.

On August 29, 2019, Creditors through Mark I. Mandrell, one of the ten Creditors and an agent for all Creditors listed, amended the Creditors' Proof of Claim, listing the amount of the claim as $23,360.67 as of June 17, 2019. The claim was itemized as $22,109.21 of principal, $1,069.46 for taxes and insurance advanced by the Creditors, and $182.00 for late fees. The Amended Proof of Claim states the amount included 12 monthly payments of $531.00 each which represented pre-petition arrearage on monthly payments, insurance and taxes advanced and late fees. The Amended Proof of Claim stated that on October 1, 2019, 2019 ad valorem taxes would come due, and the insurance on the Property would lapse on December 17, 2019. A copy of the Real Estate Contract on the Property was attached to the Amended Proof of Claim. Debtor did not object to the Amended Proof of Claim.

Pursuant to the terms of the Real Estate Contract on the Property, any party breaching the Contract agreed "to pay all reasonable attorney's fees and other costs incurred by the non-breaching party" arising from any legal proceeding caused by the default or breach of the agreement.

On September 20, 2019, the Court entered an Order confirming the Debtor's Chapter 13 Plan. The Plan provided the Creditors' secured claim of "$23,360.67 would be paid at 3% interest and an Adequate Protection Payment of $233.00 a month would be paid with attorney's fees. Debtor's attorney has 60 days to object."

On October 15, 2019, the Debtor filed the Schedule of Allowed Claims which indicated Creditors' claim would be paid in accordance with the Order of Confirmation.

On November 11, 2019, Creditors filed a Second Amendment to Proof of Claim Number 2. This Amendment listed the claim total as $30,600.37. The amount necessary to cure the default was $14,863.16. The breakdown on the claim was as follows: principal owed as of June 17, 2019: $22,109.21; unpaid advances for taxes and insurance: $1,069.46; late fees: $182.00; attorney's: $7,239.00 for a total claim of $30,600.37. Attached to the Amended Proof of Claim is a bill for attorney's fees from the law firm of Crocker and Crocker dated September 30, 2019 detailing attorney's fees and costs and worked performed in connection with legal proceedings filed by the Creditors based on the Debtor's default under the Real Estate Sales Contract from August 31, 2017 to March 26, 2019 in the amount of $7,239.70. The legal fees incurred by Crocker and Crocker were in connection with a foreclosure action filed by the Creditors against Debtor in Simpson Circuit Court. The Creditors filed a Motion for Summary Judgment and Order of Sale of the Property on May 17, 2019 in that action. Prior to the scheduled hearing date on that Motion, Debtor instituted this Chapter 13 case.

On January 15, 2020, Debtor filed his Objection to the Second Amended Proof of Claim of the Creditors contending the Order of Confirmation finally adjudicated the Creditors' claim and it cannot be amended post-confirmation. Debtor further claims that there is no evidence of an enforceable debt for attorney's fees owed by him to Mark Mandrell.

On February 5, 2020, the Creditors filed their Response to the Debtor's Objection. The Creditors contend that they did not receive the statement for attorney's fees until after the filing of the Amended Proof of Claim and that the Debtor breached the Real Estate Contract and attorney's fees should be allowed pursuant to the terms of the Real Estate Contract.

**LEGAL ANALYSIS**

Debtor objects to the Creditors' Second Amended Proof of Claim because the amendment was filed post-confirmation of Debtor's Chapter 13 Plan. Debtor contends that since Creditors did not object to the Debtor's Plan and the Plan was confirmed, Creditors are prohibited from further amending their claim post-confirmation.

Debtor also objects to the Amended Proof of Claim because it incorporates a claim for $7,219.70 for attorney's fees billed by attorney Timothy Crocker to Mark Mandrell and that there is no evidence that this is an enforceable claim against the Debtor.

The Court will first address the second claim by Debtor that this is not an enforceable debt against the Debtor. The evidence of record demonstrates that Mark Mandrell was one of ten Creditors with whom Debtor entered into a Real Estate Purchase Contract for the Property. Debtor is in default of this Contract. The terms of the Contract allow the Creditors to recover their attorney's fees incurred in pursuing Debtor's breach of the Contract. Attorney Crocker filed the foreclosure action on behalf of the Creditors against Debtor in Simpson Circuit Court based on Debtor's default under the Contract. This clearly is an enforceable claim against the Debtor.

A review of the record demonstrates that the funds sought to be recovered by the Creditors in their pre-confirmation Proofs of Claim and the post-confirmation Proofs of Claim, all result from the Debtor's default of the Real Estate Purchase Contract and are recoverable under the terms of that Contract due to the Debtor's default. Creditors did not object to the Plan because at the time the Plan was confirmed, they had not yet received the bill for the attorney's fees incurred in the Simpson Circuit Court foreclosure proceeding. However, Debtor did not object to either the initial Proof of Claim filed by Creditors or the Amended Proof of Claim, both of which identified the secured claim

in the amount of the default at the time the Proof of Claim was filed, "plus interest, costs and attorney's fees."

An amendment relates back to a timely filed Proof of Claim. The determination of whether to permit an amendment to a timely filed Proof of Claim rests within the discretion of the Court. *In re Outdoor Sports Headquarters, Inc.*, 161 B.R. 414, 421 (Bankr. S.D. Ohio 1993). Amendments to proofs of claim that were initially timely filed are to be freely allowed where they specify the amount due under a previously asserted right to payment or simply to cure technical defects in the original claim. *In re Galindez*, 514 B.R. 79, 88 (Bankr. D. Puerto Rico 2014), citing *In re Hemmingway*, 954 F.2d 1, 10 (1st Cir. 1992) and *In re Crane Rental*, 341 B.R. 118, 120 (Bankr. D. Mass. 2006).

Once an objection is filed, the allowance of an amended proof of claim must be considered as an equitable determination usually approached by a two part test: (1) was a timely similar claim asserted against the bankruptcy estate by a former proof of claim or informal proof of claim; and (2) is it equitable to permit the amendment. Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 284.1, at ¶ [3].

In this case, the amendment to the Proof of Claim does not assert a new cause of action or right to payment that did not already exist under the original Proof of Claim. The original Proof of Claim asserted that the claimant was entitled to interest, costs and attorney's fees. Furthermore, the Creditors amended the Proof of Claim only after they received the bill from the attorney who had worked on the state court foreclosure action. But for the Debtor filing his Voluntary Petition under Chapter 13, surely a judgment would have been entered against him for the full amount of the claim.

As a secured creditor, the Creditors herein were not required to file a Proof of Claim or even participate in the bankruptcy process to protect its lien. *Dewsnup v. Timm*, 502 U.S. 410 (1992). The Debtor's lien would ride through the bankruptcy regardless of whether a proof of claim had been filed or not. However, a secured creditor must file a proof of claim in order to participate in the distribution of plan payments. The Creditors timely filed their Proof of Claim and the second amendment less than two months after the entry of the Order of Confirmation. It did not assert a new claim but rather updated the previous claim.

Debtor relies on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), contending confirmation of the Chapter 13 Plan has preclusive affect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order. *Espinosa* supports the principle of finality of plan confirmation orders provided that due process requirements of reasonable and actual notice were satisfied. Here, however, the initial Proof of Claim filed by Creditors made it clear that the claim included the interest, costs and attorney's fees. No objection to the Proof of Claim was filed by the Debtor. Under 11 U.S.C. § 502, a timely filed proof of claim is presumed to be allowed. Case law also supports the allowance for attorney fees and costs related to a pre-petition foreclosure action. *See In re McLemore*, 426 B.R. 728, 747 (Bankr. S.D. Ohio 2010), and cases cited therein. Considering the dictates of the Bankruptcy Code regarding secured claims which are secured by the Debtor's home, and given the time frame for the filing of the Second Amended Proof of Claim, the Court does not find it inequitable to allow the amendment.

Finally, the Plan provided that the Debtor was to make adequate protection payments monthly to the Creditors. The Debtor is currently in default of this Plan provision. Also, there is

only one other creditor under the Debtor's Plan, that being an unsecured claim. Therefore allowing the additional fees would only impact one unsecured creditor. The equities weigh in favor of allowing the post-confirmation amendment to the Amended Proof of Claim Number 2 filed by the Creditors.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order **OVERRULING** the Objection of Debtor John M. Germanis to the Creditors' Post-Confirmation Amendment to Proof of Claim Number 2.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 5, 2020

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN M. GERMANIS | ) | CASE NO. 19-10588(1)(13) |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtor John M. Germanis to the Post-Confirmation Amendment to Proof of Claim filed by Creditors Harold Burton, et al., be and hereby is, **OVERRULED**.

The Post-Confirmation Amendment to Proof of Claim Number 2 filed by Harold Burton, et al., be and hereby is, allowed.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 5, 2020